**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4532**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GREGORY DAVID HORNE, a/k/a Greg,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, District Judge. (1:11-cr-00096-JKB-1)

Submitted: July 29, 2014          Decided: August 1, 2014

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kenneth W. Ravenell, Milin Chun, MURPHY, FALCON & MURPHY, Baltimore, Maryland; Creston Smith, SILVERMAN, THOMPSON, SLUTKIN, WHITE, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Ayn B. Ducao, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory David Horne pled guilty on January 10, 2012, to a superseding indictment in which he was charged with conspiracy to distribute and possess with intent to distribute cocaine and cocaine base (Count 1s), in violation of 21 U.S.C. §§ 841(a)(1) and 846 (2012), and possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting, under 18 U.S.C. § 924(c) (2012) and 18 U.S.C. § 2 (2012). (Count 8s). Horne was sentenced to a total of 188 months of imprisonment, consisting of a 128-month sentence for Count 1s and a sixty-month consecutive sentence for Count 8s. On appeal, Horne alleges that the district court erred by disqualifying one of his retained attorneys. For the reasons that follow, we affirm.

Horne was represented in the district court by Kenneth W. Ravenell and Creston Smith, until Ravenell was disqualified due to a conflict of interest. Both attorneys were privately retained. We find no abuse of discretion in the district court's decision to disqualify Ravenell. See United States v. Urutyan, 564 F.3d 679, 686 (4th Cir. 2009) (stating standard of review).

A defendant's right to counsel of choice is not absolute. Wheat v. United States, 486 U.S. 153, 159 (1988). The Supreme Court has recognized that "[t]he Sixth Amendment

right to choose one's own counsel is circumscribed in several important respects." Id. at 159. Importantly, a defendant's choice of counsel can be overcome by a showing of a conflict or a serious potential for conflict. Id. at 164. This is because "'the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers.'" Urutyan, 564 F.3d at 686 (quoting Wheat, 486 U.S. at 159). On this record we conclude that the district court did not commit reversible error in ruling on this issue and thus we affirm.

We also deny the Government's motion to dismiss the appeal based on Horne's appellate waiver. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED